JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liubov Zakhlenaiaz,<br><br>  Petitioner,<br><br>v.<br><br>Fred Figueroa, et al.,<br><br>  Respondents. | No.   CV-25-02069-PHX-DWL (JFM)<br><br>**ORDER** |

    On June 13, 2025, Petitioner Liubov Zakhlenaiaz, who was then confined in the Eloy Detention Center, filed a pro se Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). On June 16, 2025, the Clerk of Court mailed a Notice of Assignment to Petitioner at the Eloy Detention Center. On June 27, 2025, the mail was returned to the Court as undeliverable because Petitioner is no longer in custody at the Eloy Detention Center. Petitioner has not filed a Notice of Change of Address or otherwise informed the Court of her whereabouts.

    In the Petition, Petitioner states she arrived at the Nogales port of entry on September 23, 2024 and sought entry into the United States. Petitioner had a credible fear interview on October 8, 2024, and on October 18, 2024, she was informed of the "negative credible fear finding." On October 23, 2024, the Immigration Judge affirmed the denial and issued a removal order. Petitioner states that it has been seven months since the Immigration Judge issued the removal order, she remains in Immigration and Customs and

Enforcement (ICE) custody, and she has not received travel documents or updates from ICE to make it significantly likely that travel documents will be procured in the reasonably foreseeable future. Petitioner contends her continued detention violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). She asks the Court to order the Department of Homeland Security to immediately grant her supervised release.

It appears Petitioner is no longer in ICE custody.[1] A habeas corpus petitioner's "release from detention under an order of supervision 'moots [her] challenge to the legality of [her] extended detention.'" *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002)). Similarly, a habeas corpus petition filed by a petitioner who "challenge[s] only the length of [her] detention, as distinguished from the lawfulness of the deportation order, . . . . [is] rendered moot by [her] removal." *Id.* at 1062.

Because Petitioner is no longer in ICE custody, the Petition is moot and the Court lacks jurisdiction over it. The Court will therefore dismiss the Petition and this case.

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **denied as moot**.

(2) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed**.

(3) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 3rd day of July, 2025.

Dominic W. Lanza
United States District Judge

---

[1] A search of ICE's Online Detainee Locator System returned no results for Petitioner's A-Number. *See* https://locator.ice.gov/odls/#/search (search by A-Number 249-413-775 and select Russia as Country of Birth) (last accessed July 2, 2025).